UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON CLARK,<br><br>        Petitioner,<br><br>   v.<br><br>ANDRE MATEVOUSIAN,<br><br>        Respondent. | No.  1:16-cv-00912-JLT (HC)<br><br>**ORDER GRANTING RESPONDENT'S MOTION FOR STAY (Doc. No. 13)**<br><br>**ORDER STAYING PROCEEDINGS**<br><br>**ORDER DIRECTING RESPONDENT TO FILE STATUS REPORT EVERY SIXTY DAYS** |

In this action, Petitioner challenges his sentence based on the Supreme Court's ruling in Johnson v. United States, 135 S.Ct. 2551 (2015).

On September 15, 2016, Respondent filed a motion requesting to stay these proceedings. Respondent advises that Petitioner is currently litigating a petition pursuant to 28 U.S.C. § 2255 in the District of Nebraska and the Eighth Circuit Court of Appeal based on a Johnson challenge to his sentence. See Case No. 8:12-cr-00243-LSC-TDT-1 (D. Neb.). On June 17, 2016, the Eighth Circuit issued "General Order No. 2016-07" regarding Johnson claims, and this order was filed on Petitioner's docket providing Petitioner with leave to amend his § 2255 motion. See C.A. No. 16-2995 (8th Cir.). The appeal in the Eighth Circuit is currently ongoing. Since both the instant § 2241 petition and the § 2255 motions in the Eighth Circuit seek relief based on Johnson, and the § 2255 litigation predates the § 2241 petition, Respondent seeks a stay of the proceedings until such time as the § 2255 litigation is resolved. Respondent argues that this will conserve

1

judicial and government resources, prevent conflicting rulings on overlapping claims, prevent resulting confusion, and allow the parties to concentrate on the ongoing § 2255 motion. Respondent represents that he has been in contact with Petitioner's attorney in the § 2255 litigation, and by and through his attorney, Petitioner does not oppose said stay. The Court agrees with Respondent and finds good cause to order a stay of the proceedings. Respondent will be directed to keep the Court updated with the status of the § 2255 litigation so the instant case does not linger indefinitely on the Court's docket. Once the § 2255 litigation is resolved, the Court will lift the stay and proceed with this case, as necessary. Accordingly, the Court **ORDERS**:

1) Respondent's motion to stay proceedings in this case is **GRANTED**;

2) This case is **STAYED** pending resolution of Petitioner's ongoing § 2255 litigation;

3) Respondent is **DIRECTED** to file a status report advising the Court of the status of the § 2255 litigation within sixty days, and then every sixty days thereafter.

IT IS SO ORDERED.

Dated:   **October 3, 2016**              /s/ Jennifer L. Thurston
                                     UNITED STATES MAGISTRATE JUDGE

2