UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON CLARK,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>ANDRE MATEVOUSIAN,<br><br>　　　　Respondent. | Case No.: 1:16-cv-00912-JLT (HC)<br><br>ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS<br><br>[21-DAY OBJECTION DEADLINE] |

　　　　Petitioner is in the custody of the Bureau of Prisons at the United States Penitentiary in Atwater, California. He filed the instant federal petition on June 24, 2016, challenging his conviction and sentence pursuant to 28 U.S.C. § 2241. Because Petitioner does not satisfy the savings clause in 28 U.S.C. § 2255 which would allow Petitioner to challenge his conviction by way of § 2241, the Court will recommend that the instant petition be **DISMISSED**.

**BACKGROUND**

　　　　On January 6, 2014, Petitioner pled guilty to distribution of methamphetamine (21 U.S.C. § 841(a)(1), (b)(1)), and carrying a firearm during and in relation to a drug trafficking crime (18 U.S.C. § 924(c)(1)(B)). See United States v. Clark, Case No. 8:12-cr-00243-LSC (D. Neb.).[1] Per the plea

---

[1] The Court may take judicial notice of facts that are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b); United States v. Bernal-Obeso, 989 F.2d 331, 333

1

bargain, the government agreed to dismiss counts one, three, four, six, and seven of the superseding indictment. (Doc. 98[2] at 1.) For his part, Petitioner agreed to plead guilty to counts two and five, and he agreed to waive his right to appeal or collaterally attack his conviction or sentence, subject to two exceptions: 1) "The right to timely challenge the defendant's conviction and the sentence of the Court should the Eighth Circuit Court of Appeals or the United States Supreme Court later find that the charge to which the defendant is agreeing to plead guilty fails to state a crime"; and 2) "The right to seek post-conviction relief based on ineffective assistance of counsel, or prosecutorial misconduct, if the grounds for such claim could not be known by the defendant at the time the Defendant [sic] enters the guilty plea contemplated by this plea agreement." (Doc. 98 at 5.) As a result, the court sentenced Petitioner to 202 months imprisonment. (Doc. 107.)

Petitioner did not appeal; however, he filed multiple collateral attacks. On September 29, 2014, he filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255 based on a claim of ineffective assistance of counsel. (Doc. 113.) On October 24, 2014, the Court denied the motion by written order. (Doc. 117.) The Eighth Circuit subsequently denied Petitioner's motion to file a successive habeas application. (Doc. 121) On May 9, 2016, Petitioner filed a second motion to vacate under § 2255. (Doc. 126.) He claimed the "firearm was not in no [sic] way used in furtherance of the drug crime," and he cited Johnson v. United States, 135 S.Ct. 2251 (2015), for relief. (Doc. 126.) The Nebraska District Court denied the motion as a successive § 2255 motion and noted that Petitioner had failed to obtain the required certification from the Eighth Circuit Court of Appeals. (Doc. 128.) On June 29, 2016, Petitioner filed a third § 2255 motion in the Nebraska District Court, again citing Johnson. Docket Nos. 136, 137. On that same date, the Nebraska District Court issued General Order No. 2016-07 which granted Petitioner leave to file an amended § 2255 motion within thirty days. (Doc. 138.) Petitioner did not file an amended motion. On November 4, 2016, the Eighth Circuit Court of Appeals issued two judgments concerning Petitioner's cases: 1) his petition to file a successive § 2255 motion was denied; and 2) his application for certificate of appealability and appeal

---

(9th Cir. 1993). Judicial notice may be taken of court records. Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n. 1 (N.D.Cal.1978), aff'd, 645 F.2d 699 (9th Cir.).

[2] In addition, unless otherwise noted, references to the Docket will be to the 8th Circuit case.

were denied.  (Doc. 141, 143.)

Petitioner now brings this habeas petition challenging his conviction and sentence pursuant to Johnson.  He claims "the mandatory minimum enhanced sentence for a short-barreled shotgun is void as an arbitrary, or an absurd, result," and the sentencing court's "application of 'use' of firearm, rather than possession of firearm provides for an enhancement contrary to law."  Pet. at 3.

## DISCUSSION

A federal prisoner who wishes to challenge the validity or constitutionality of his federal conviction or sentence must do so by way of a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255.  Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.1988); see also Stephens v. Herrera, 464 F.3d 895, 897 (9th Cir.2006), *cert. denied*, 549 U.S. 1313 (2007).  In such cases, only the sentencing court has jurisdiction. Tripati, 843 F.2d at 1163.  Generally, a prisoner may not collaterally attack a federal conviction or sentence by way of a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Grady v. United States, 929 F.2d 468, 470 (9th Cir.1991); Tripati, 843 F.2d at 1162; see also United States v. Flores, 616 F.2d 840, 842 (5th Cir.1980).

In contrast, a prisoner challenging the manner, location, or conditions of that sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241 in the district where the petitioner is in custody.  Stephens, 464 F.3d at 897; Hernandez v. Campbell, 204 F.3d 861, 864-65 (9th Cir.2000) (per curiam).  "The general rule is that a motion under 28 U.S.C. § 2255 is the exclusive means by which a federal prisoner may test the legality of his detention, and that restrictions on the availability of a § 2255 motion cannot be avoided through a petition under 28 U.S.C. § 2241."  Stephens, 464 F.3d at 897 (citations omitted).

Nevertheless, an exception exists by which a federal prisoner may seek relief under § 2241 if he can demonstrate the remedy available under § 2255 to be "inadequate or ineffective to test the validity of his detention." United States v. Pirro, 104 F.3d 297, 299 (9th Cir.1997) (quoting 28 U.S.C. § 2255); see Hernandez, 204 F.3d at 864-65.  The Ninth Circuit has recognized that it is a very narrow exception.  Ivy v. Pontesso, 328 F.3d 1057, 1059 (9th Cir.2003).  The remedy under § 2255 usually will not be deemed inadequate or ineffective merely because a prior § 2255 motion was denied, or because a remedy under that section is procedurally barred.  See Aronson v. May, 85 S.Ct. 3, 5 (1964)

3

(a court's denial of a prior § 2255 motion is insufficient to render § 2255 inadequate.); Tripati, 843 F.2d at 1162-63 (a petitioner's fears of bias or unequal treatment do not render a § 2255 petition inadequate).

The Ninth Circuit has held that Section 2255 provides an 'inadequate and ineffective' remedy (and thus that the petitioner may proceed under Section 2241) when the petitioner: (1) makes a claim of actual innocence; and, (2) has never had an 'unobstructed procedural shot' at presenting the claim. Stephens, 464 F.3d at 898. The burden is on the petitioner to show that the remedy is inadequate or ineffective. Redfield v. United States, 315 F.2d 76, 83 (9th Cir.1963).

In this case, Petitioner is challenging the validity and constitutionality of his conviction and sentence as imposed by the United States District Court for the District of Nebraska, rather than an error in the administration of his sentence.  Therefore, the appropriate procedure would be to file a motion pursuant to § 2255 in the District of Nebraska, not a habeas petition pursuant to § 2241 in this Court.  Petitioner acknowledges this fact, but argues the remedy under § 2255 is inadequate and ineffective.  Petitioner's argument is unavailing, because he has had an unobstructed procedural opportunity to present his claim, and he does not present a claim of actual innocence.

First, Petitioner has had multiple opportunities to present his claim to the sentencing court.  He has in fact filed three previous § 2255 motions.  The factual basis for his claims, to wit, that he sold his drugs and the shotgun at the same time, was known to him prior to the filing of his first motion.  The legal basis for his claim, to wit, that the purported sale of the shotgun renders Watson v. United States, 552 U.S. 74 (2007), applicable to him, arose in 2007, which was also before he filed his first § 2255 motion.  Petitioner has not shown that he was precluded from presenting these claims in his prior § 2255 motions, and therefore, he has failed to demonstrate that he has not had an unobstructed procedural opportunity to present his claims.

Petitioner's citation to Johnson in support is without merit.  In Johnson, the Supreme Court held that the residual clause of the Armed Career Criminal Act of 1984 ("ACCA") was unconstitutionally vague. Johnson, 135 S.Ct. at 2557-58.  As Respondent points out, Petitioner was not sentenced under the ACCA; therefore, Johnson is inapplicable.  The ten-year mandatory minimum sentence he complains of was a statutory mandate that had nothing to do with the residual act of the

ACCA.

In addition, Petitioner has failed to demonstrate that his claims qualify under the savings clause of Section 2255 because his claims are not proper claims of "actual innocence."  In the Ninth Circuit, a claim of actual innocence for purposes of the Section 2255 savings clause is tested by the standard articulated by the United States Supreme Court in Bousley v. United States, 523 U.S. 614 (1998). Stephens, 464 U.S. at 898. In Bousley, the Supreme Court explained that, "[t]o establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." Bousley, 523 U.S. at 623 (internal quotation marks omitted).  Petitioner bears the burden of proof on this issue by a preponderance of the evidence, and he must show not just that the evidence against him was weak, but that it was so weak that "no reasonable juror" would have convicted him. Lorentsen, 223 F.3d at 954.  In this case, Petitioner makes no claim of being factually innocent of using a shotgun during a drug deal.  Rather, he takes issue with the mandatory minimum sentence imposed.  Under the savings clause, Petitioner must demonstrate that he is actually innocent of the crime for which he has been convicted, not the sentence imposed. See Ivy, 328 F.3d at 1060; Lorentsen, 223 F.3d at 954 (to establish jurisdiction under Section 2241, petitioner must allege that he is "'actually innocent' of the crime of conviction").  Therefore, the instant § 2241 petition does not fit within the exception to the general bar against using Section 2241 to collaterally attack a conviction or sentence imposed by a federal court. See Stephens, 464 F.3d at 898-99 (concluding that, although petitioner satisfied the requirement of not having had an "unobstructed procedural shot" at presenting his instructional error claim under Richardson v. United States, 526 U.S. 813, 119 (1999), petitioner could not satisfy the actual innocence requirement as articulated in Bousley and, thus, failed to properly invoke the escape hatch exception of Section 2255).

Even if Petitioner satisfied the savings clause and the Court could entertain his petition, relief would be barred since Petitioner waived his right to collateral review in his plea bargain, and the two exceptions to his waiver do not apply.  First, neither the Eighth Circuit nor the Supreme Court has determined that the charge to which Petitioner agreed to plead guilty is no longer a crime. His drug and firearm offenses are still federal crimes.  Second, Petitioner is not raising claims of ineffective assistance of counsel or prosecutorial misconduct.  Therefore, he has waived his right to collateral

5

review of his conviction.  See United States v. Abarca, 985 F.2d 1012, 1014 (9th Cir. 1993) (enforcing a waiver to collateral attack of conviction in § 2255 proceeding).

Accordingly, the Court concludes that Petitioner has not demonstrated that Section 2255 constitutes an "inadequate or ineffective" remedy for raising his claims.  Section 2241 is not the proper statute for raising Petitioner's claims, and the petition must be dismissed for lack of jurisdiction.  In addition, his claims are barred from review because he validly waived his right to collateral review.

**ORDER**

The Court **DIRECTS** the Clerk of the Court to assign a United States District Judge to this case.

**RECOMMENDATION**

Accordingly, the Court **RECOMMENDS** that the Petition for Writ of Habeas Corpus be **DISMISSED** for lack of jurisdiction.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within twenty-one days after being served with a copy of this Findings and Recommendation, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the Objections shall be served and filed within ten court days (plus three days if served by mail) after service of the Objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Court.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **February 28, 2017**                    **/s/ Jennifer L. Thurston**
                                                                    UNITED STATES MAGISTRATE JUDGE